# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

MARCOS SANTIAGO          )
SANCHEZ,                 )
                         )
    Petitioner,          )
                         )
v.                       )          **Case No. CIV-26-1150-J**
                         )
CHRIS GANTT, WARDEN OF   )
CIMARRON CORRECTIONAL    )
FACILITY, et al.,        )
                         )
    Respondents.         )

## REPORT AND RECOMMENDATION

Petitioner Marcos Santiago Sanchez seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge Bernard M. Jones, II referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Petitioner filed a motion for temporary restraining order or, in the alternative, for a preliminary injunction. Doc. 5. For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motion.

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.    Temporary Restraining Order (TRO) requirements.

Under Federal Rule of Civil Procedure 65(b)(1), a court may only grant a motion for TRO, without notice, if the moving party has complied with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).[2] Petitioner has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents before filing the motion. The undersigned also directed Respondents to respond to Petitioner's habeas petition and ordered Respondents to provide the Court with 72-hours advance notice of any transfer of Petitioner. *See* Doc. 12, at 2. So the Court has already addressed part of the relief Petitioner seeks in his TRO motion.

The Court should therefore deny the motion. *See, e.g., Bahadorani v. Bondi,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying

---

[2]    "Ex parte [TROs] are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974) (internal citation omitted). A TRO is issued "pending the hearing of a motion for a temporary injunction," and "its life ceases with the disposition of that motion and without further order of the court[.]" *Houghton v. Cortelyou*, 208 U.S. 149, 156 (1908) (internal quotation marks omitted). By contrast, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981).

temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").

## II.    Alternative request for a preliminary injunction.

Alternatively, Petitioner seeks an order enjoining Respondents from continuing to detain him without a bond hearing, from transferring him to another detention center, from removing him from the United States pending a final decision in this case, and from rearresting him if the Court orders his release from detention. Doc. 5, at 3-4.

As noted, the Court's order for response addresses part of the relief Petitioner requests. Additionally, the Court does not have jurisdiction to prevent Respondents from either commencing removal proceedings, adjudicating his case, or executing a final order of removal. 8 U.S.C. § 1252(g). While the Court does have jurisdiction to consider the legality of Petitioner's detention without a bond hearing, it should not do so through the imposition of a preliminary injunction.

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). And Petitioner seeks a "specifically disfavored"

preliminary injunction in that he is requesting all the relief that he could recover at the conclusion of this case in the form of a bond hearing or immediate release. *Schrier v. Univ. Of Co.,* 427 F.3d 1253, 1258-59 (10th Cir. 2005). As the Court has already ordered a response and is granting expedited consideration to immigration detention cases, the "exigencies" of this case do not support the imposition of a preliminary injunction. *Id.* at 1259. The Court should deny the motion.

### III.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's TRO/preliminary injunction motion. Doc. 5.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before June 24, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 10th day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE